IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CARLOS H. JACKSON, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 2:24-cv-02773-SHM-tmp |
| ) | |
| WELLPATH MEDICAL, ET AL., ) | |
|     Defendants ) | |

**ORDER DIRECTING PLAINTIFF TO COMPLY WITH 28 U.S.C. § 1915(A)(1)-(2) OR PAY THE $405 CIVIL FILING FEE, DIRECTING CLERK TO MAIL FORM, AND DIRECTING PLAINTIFF TO ADDRESS CLAIMS AGAINST WELLPATH**

On October 15, 2024, Plaintiff Carlos H. Jackson, who is incarcerated at the Shelby County Jail, filed a *pro se* civil complaint (ECF No. 1) and a motion for leave to proceed *in forma pauperis* (ECF No. 2).

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[1] Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *See Bruce v. Samuels*, 577 U.S. 82, 84-85 (2016) (addressing payment of fees under 28 U.S.C. § 1915(b)(1));

---

[1] The civil filing fee is $350. 28 U.S.C. § 1914(a). The Schedule of Fees requires an additional administrative fee of $55 for filing any civil case. Local Fees | Western District of Tennessee | United States District Court (uscourts.gov) (last accessed Aug. 14, 2025). The additional fee will not apply if leave to proceed *in forma pauperis* is ultimately granted.

28 U.S.C. § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit and a certified copy of Plaintiff's trust account statement for the last six months immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2).

Although Plaintiff filed a motion to proceed *in forma pauperis*, Plaintiff did not answer Questions 3-8 on the Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240) and did not file a certified copy of Plaintiff's trust account statement for the last six months immediately preceding the filing of the complaint.

Plaintiff is **ORDERED** to submit, within thirty 30 days after the date of this Order:

(1) the entire $405 civil filing fee; *OR*

(2) a completed *in forma pauperis* affidavit *and* a certified copy of Plaintiff's trust account statement for the last six months immediately preceding the filing of the complaint.

The Clerk is **DIRECTED** to mail Plaintiff a copy of the prisoner *in forma pauperis* affidavit (AO 240) and note the date of mailing on the docket.

If Plaintiff needs additional time to pay the filing fee or file the required document(s), Plaintiff may request one 30-day extension of time from this Court. *McGore,* 114 F.3d at 605. However, if Plaintiff fails to comply with this Order in a timely manner, the Court will deny leave to proceed *in forma pauperis*, assess the entire $405 filing fee from Plaintiff's trust account without regard to the installment payment procedures, and dismiss the action without further notice pursuant to Federal Rule of Civil Procedure 41(b). *McGore*, 114 F.3d at 605.

Plaintiff is **ORDERED** to notify the Court immediately, in writing, of any change of address. If plaintiff fails to abide by this requirement or any other requirement of this Order, the

Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

## WELLPATH

Jackson named Wellpath as a defendant. (ECF No. 1 at PageID 1-2.) In consideration of the Confirmation of the Plan of Reorganization under Chapter 11 of the Bankruptcy Code filed by Wellpath Holdings, Inc. in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, *see In Re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tx. May 1, 2025), ECF No. 2596; the Notice of Entry of (I) Confirmation Order, (II) Occurrence of Effective Date, and (III) Administrative Claims Bar Date, *id*., ECF No. 2680; and Jackson's Complaint, it is **ORDERED** that:

Within thirty (30) days of the date of this Order, Jackson is **DIRECTED** to complete the Declaration attached to this Order and return it to the Court, **OR** to submit an equivalent declaration addressing:

   a. Whether Jackson submitted prior to April 7, 2025, a Proof of Claim to the United States Bankruptcy Court for the Southern District of Texas or to Wellpath's Claims Agent; or

   b. Whether Jackson has submitted prior to July 30, 2025, any of the following to Wellpath, its Claims Agent, or the Bankruptcy Court:

   i. an objection to or motion for relief from the Automatic Stay;

   ii. an objection to confirmation of Wellpath's Chapter 11 plan; and/or

   iii. a ballot or other communication affirmatively expressing an intent to opt out of the Third-Party Release.

Alternatively, Jackson may submit a notice of voluntary dismissal of any claims against Wellpath alleged in the instant case. *See* 11 U.S.C. § 524(a)(2) ("A discharge in a [Chapter 11 bankruptcy] case ... operates as an injunction against the commencement or continuation of an

action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived."). To the extent Plaintiff seeks to pursue a claim against Wellpath, he must do so in accordance with the procedures of the United States Bankruptcy Court for the Southern District of Texas, Houston Division. *See In Re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tx.).

Failure to timely comply with this Order will result in the dismissal of Jackson's claims against Wellpath for failure to prosecute under Fed. R. Civ. P. 41.

IT IS SO ORDERED this  14th  day of August, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CARLOS H. JACKSON, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 2:24-cv-02773-SHM-tmp |
| ) | |
| WELLPATH MEDICAL, ET AL., ) | |
|     Defendants ) | |

## DECLARATION

I, CARLOS H. JACKSON, am the Plaintiff in this action, and I declare under penalty of perjury, 28 U.S.C. § 1746, that:

1. **Prior to April 7, 2025**, I submitted a Proof of Claim to the United States Bankruptcy Court for the Southern District of Texas or to Wellpath's Claims Agent.

    **YES** ☐                          **NO** ☐

2. **Prior to July 30, 2025**, I submitted one or more of the following to Wellpath, its Claims Agent, or the Bankruptcy Court: (i) an objection to or motion for relief from the Automatic Stay; (ii) an objection to confirmation of Wellpath's Chapter 11 plan; and/or (iii) a ballot or other communication affirmatively expressing an intent to opt out of the Third-Party Release.

    **YES** ☐                          **NO** ☐

3. Any explanation for a "NO" answer to these questions or other relevant information to consider is provided below:

| | |
|---|---|
| _____ | _____ |
| **Signature** | **Date** |
| _____ | _____ |
| **Printed Name** | **Institutional ID Number** |